UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANDRE JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:13-1123 |
| TERRI L. SMITH-JOHNSON, JEREMY MOSELEY, LAURA THOMAS AND THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) ) ) ) ) ) | Judge Sharp |
| Defendants. | ) | |

## MEMORANDUM

On July 30, 2014, this Court entered an Order and Memorandum – familiarity with which are assumed – dismissing Plaintiff Andre Johnson's claims against the Defendant Metropolitan Government of Nashville and Davidson County. The Court also granted in part and denied in part the Motion to Dismiss filed by Defendants Jeremy Mosely and Laura Thomas. Specifically, the Court granted the Motion with respect to Plaintiff's (a) Fourth Amendment claim for false arrest; (b) Fourteenth Amendment due process claim; and (c) state law claim for the intentional infliction of emotional distress against those Defendants, but denied it with respect to Plaintiff's federal and state malicious prosecution claims against them. Thereafter, the individual Defendants appealed.

On June 2, 2015, the Sixth Circuit issued its opinion. In the concluding paragraph, the court wrote:

> Accordingly, the district court's denial of the defendant officers' motion to dismiss plaintiff's federal claim for malicious prosecution is **REVERSED.** The case is **REMANDED** for entry of an order dismissing this claim against defendants Moseley and Thomas, and for further proceedings, as appropriate, on plaintiff's state

1

law claim for malicious prosecution against them, as well as on plaintiff's outstanding claims against defendant Smith–Johnson.

Johnson v. Moseley, 790 F.3d 649, 657 (6th Cir. 2015) (emphasis in original).

In light of the Sixth Circuit's holding, Defendants Mosely and Thomas have filed a Motion to Reconsider (Docket No. 45). Defendant Terri L. Smith-Johnson, who was not served as of the time of this Court's prior ruling, has filed a Motion to Dismiss (Docket No. 47). Both Motions have been fully briefed by the parties, and the Court considers them in turn.

## I. **Motion to Reconsider**

Defendants Moseley and Thomas request that this Court dismiss Plaintiff's state law malicious prosecution claim as to them for the same reasons that the Sixth Circuit held that dismissal of the parallel federal claim was appropriate. As an alternative, they request that the Court decline to exercise supplemental jurisdiction over the common law malicious prosecution claim.

Turning to the alternative argument first, federal district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When a district court has dismissed all claims over which it had original jurisdiction, the court has discretion to "decline to exercise supplemental jurisdiction" over state law claims with respect to which it initially asserted jurisdiction. 28 U.S.C. § 1367(c)(3).

As has been explained:

. . . The discretion in deciding whether to exercise supplemental jurisdiction over state-law claims is broad. Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1254 (6th Cir. 1996).

When deciding whether to exercise supplemental jurisdiction, a court should consider factors such as judicial economy, convenience, fairness, and comity. City of Chicago v. International College of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d

525 (1997). However, "'in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Robert N. Clemens Trust v. Morgan Stanley DW, Inc., 485 F.3d 840, 853 (6th Cir. 2007) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Thus, "it is ordinarily prudent for a district court that dismisses a plaintiff's federal claims to decline to reach plaintiff's state law claims" unless the concerns of judicial economy and avoidance of multiplicity of litigation overrides the notion that federal courts should not "needlessly decid[e] state law issues." Sextella-Wright v. Sandusky City Sch. Dist., 2007 WL 451498 at *2 (6th Cir. 2007).

Hollis v. Wilson County, 2009 WL 1651456 at ** 14-15 (M.D. Tenn. June 10, 2009).

Although dismissal is ordinarily the prudent course, and seems particularly *apropos* where, as here, Defendants argue that the case presents "a novel issue of state law [as to] whether an officer who did not take out the arrest warrant in question and is not alleged to have ever even testified at a criminal proceeding could be liable for malicious prosecution," (Docket No. 46 at 5), there is a wrinkle which counsels against dismissal. Specifically, Plaintiff contends that, were the Court to dismiss the state law malicious prosecution claim, he would be without a remedy because the statute of limitations on that claim has run.

Tennessee has a savings statute which provides:

Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

Tenn. Code Ann. § 28-1-115. However, "Tennessee cases have emphasized that general savings statutes do not apply to extend the time for bringing claims under the GTLA [Governmental Tort Liability Act]," Lynn v. City of Jackson, 63 S.W.3d 332, 337 (Tenn. 2001) (collecting cases), and although "it is well-settled that Tennessee's savings statute is remedial and must be liberally construed," Parrish v. Marquis, 137 S.W.3d 621, 624 (Tenn. 2004), there may be some question as

3

to whether a general savings statute "applies to employees of governmental entities, as defined by the GTLA, sued for false arrest, false imprisonment, and malicious prosecution in their individual capacities," Baker v. Snyder, 2006 WL 2645163, at *10 (E.D. Tenn. Sept. 14, 2006).

Because this Court has broad discretion in deciding whether to exercise jurisdiction over supplemental claims, and because there is at least a possibility that Plaintiff's malicious prosecution claim as to the police officer Defendant may not be covered by the savings statute, the Court will not dismiss Plaintiff's state law claim under 28 U.S.C. § 1367(c)(3).

Turning to the merits, in previously denying Defendants' request for dismissal of the state malicious prosecution claim, the Court wrote:

> The elements of a claim for malicious prosecution under Tennessee law are similar to those under federal law. To support such a claim, a plaintiff must establish that "(1) the defendant had instituted a prior suit or judicial proceeding without probable cause, (2) the defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." Meeks v. Gasaway, 2013 WL 6908942, at *4 (Tenn. Ct. App. Dec.30, 2013) (citing Himmelfarb v. Allain, 380 S.W.3d 35, 38 (Tenn.2012)). Further, Tennessee courts apply qualified or good faith immunity to state law torts, see Youngblood v. Clepper, 856 S.W.2d 405, 408 (Tenn. Ct. App.1993), a doctrine that "is premised in large part on the reasonableness of the officer's actions," Cawood v. Booth, 2008 WL 4998408, at * 12 (Tenn. Ct. App. Nov. 25, 2008). Therefore, and for the reasons already discussed [relating to the federal malicious prosecution claim], the Court will not dismiss the malicious prosecution claim at this time.

Johnson v. Smith-Johnson, 2014 WL 3016267, at *6 (M.D. Tenn. July 3,2014). In discussing the sufficiency of the malicious prosecution allegations in Plaintiff's Complaint, the Sixth Circuit observed:

> [P]laintiff has not alleged that either Moseley or Thomas was personally involved in the post-arrest investigation or that either of them actually "knew" of reasons to doubt or question Smith–Johnson's accusations. Rather, the complaint alleges essentially that "defendants," collectively, pursued the prosecution even after the officers should have known, if a proper investigation had been conducted, reasons to question the accuracy or veracity of Smith–Johnson's accusations. This "should

4

> have known" allegation, implying that Moseley and/or Thomas failed to conduct a proper investigation, amounts to no more than a charge of negligence or innocent mistake, not the sort of "deliberate or reckless falsehood" or otherwise blameworthy conduct required to make out a valid malicious prosecution claim . . . . The complaint does not even allege that Smith-Johnson's accusations were false, much less that Moseley or Thomas participated in the prosecution in any false or misleading way. Similarly insufficient is plaintiff's allegation that defendants "instigated or participated in" or "pressed" the prosecution. Again, absent allegation of blameworthy conduct, such "neutral" participation is insufficient to sustain a facially valid malicious prosecution claim.

Johnson, 790 F.3d at 655-56 (internal citation and footnote omitted).

To be sure, the Sixth Circuit's observations were made in the context of Plaintiff's federal malicious prosecution claim. It is telling, however, "that a showing of 'malice' is not necessarily essential to a malicious prosecution claim under the Fourth Amendment," Johnson, 790 F.3d at 654 (citing, Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010)), whereas malice is an "essential element" of a malicious prosecution claim under essential Tennessee law, Preston v. Blalock, 2015 WL 3455384, at *4 (Tenn. Ct. App. May 29, 2015). If Plaintiff's allegations "amount[] to no more that an charge of negligence" and are insufficient for purpose of a claim that does not require malice, then they certainly are insufficient for purposes of a claim that does.

Accordingly, Defendants Moseley's and Thomas's Motion to Reconsider will be granted and Plaintiff's state law malicious prosecution claim will be dismissed

## II.  Motion to Dismiss

Defendant Terri Smith-Johnson, Plaintiff's ex-wife, first moves to dismiss on the ground that she was not served within 120 days of the filing of the Complaint under Rule 4(m) of the Federal Rules of Civil Procedure, or by September 30, 2014, as required by Magistrate Judge Brown's July 16, 2014 Order (Docket No. 36). Plaintiff concedes as much, but argues that serving Defendant Smith-Johnson proved to be difficult and that repeated attempts failed.

Plaintiff effectively takes the position that since Defendant Smith-Johnson was properly served in February 2015, there is "no harm, no foul." However, the Rules exist for a reason, and rather than ignoring Magistrate Judge Brown's Order, Plaintiff should have requested more time to effectuate service. Nevertheless, Magistrate Judge Brown stated in his Order that failure to effectuate service by September 30, 2014 "may result in the dismissal without prejudice of the claims against Defendant Smith-Johnson." (Id. at 1). Given these circumstances and that fact that Defendant Smith Johnson has now been served, it would be a needless exercise to dismiss the action without prejudice as to her, only to have it re-filed.

The service issue aside, Defendant Smith-Johnson argues that the federal claims against her are subject to dismissal because there are no allegations that she acted under color of state law as required by 42 U.S.C. § 1983. In his response, Plaintiff "concedes that the federal causes of action in his Complaint do not apply to this Defendant because she did not act under color of State law," but that he "is still pursuing state law actions of malicious prosecution and intentional infliction of emotional distress against this Defendant." (Docket No. 52-1 at 1-2). Accordingly, insofar as Plaintiff appeared to be asserting federal claims against Defendant Smith-Johnson, those claims will be dismissed.

As for the state-law malicious prosecution claim, Plaintiff argues that Defendant Smith-Johnson's actions in seeking arrest warrants against her then-estranged husband constitute "a black letter example of malicious prosecution." (Docket No. 52-1 at 7). However, as the Sixth Circuit observed, "[t]he complaint does not even allege that Smith-Johnson's accusations were false," Johnson, 790 F.3d at 656, yet the first element of a state-law malicious prosecution claims is that the "proceeding was instituted without probable cause," meaning that the moving party did not have "a

reasonable belief that those facts made out a legally valid claim." Preston, 2015 WL 3455384 at *4. Moreover, to the extent Plaintiff's claim is that the prosecution was improperly continued, Defendant Smith-Johnson, as a "private person" must have taken "an active part in continuing or procuring the continuation of criminal proceedings," Bovat v. Nissan No. Am., 2013 WL 6021458, at *3 (Tenn. Ct. App. Nov. 8, 2013), but there are no such specific factual allegations in the Complaint apart from a conclusory statement that Defendants collectively "pressed" for prosecution.

Finally, Defendant Smith-Johnson asserts that Plaintiff's claim for the intentional infliction of emotional distress should be dismissed for the same reasons that this Court previously dismissed that claim with respect to Defendants Moseley and Thomas.

As this Court pointed out in its prior opinion, the Tennessee Supreme Court has determined that claims for the intentional infliction of emotional distress are viable only upon a showing of truly outrageous and intolerable conduct. Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999). "Although no perfect legal standard exists for determining whether particular conduct is so intolerable as to be tortious," the Tennessee Supreme Court "has adopted and applied the high threshold standard described in the Restatement (Second) of Torts":

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'

Bain v. Wells, 976 S.W.2d 618, 622 (Tenn.1997) (quoting Restatement (Second) of Torts § 46

comment d (1965)).

The conduct of which Plaintiff complains (particularly given the Sixth Circuit's statement regarding the absence of allegations that Defendant Smith-Johnson's claims of domestic violence were false) does not appear to be of the sort that would lead "to mental injury that is so severe that no reasonable person would be expected to endure it." Arnett v. Domino's Pizza I, LLC, 124 S.W.3d 529, 539 (Tenn. Ct. App. 2003). Regardless, this claim, too, is insufficiently pled.

"The elements of an intentional infliction of emotional distress claim are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." Rogers v. Louisville Land Co., 367 S.W.3d 196, 205 (Tenn. 2012) (citing Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 51 (Tenn. 2004)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 555 (citation omitted).

Here, Plaintiff merely alleges the elements of a claim for intentional infliction of emotional distress: he does not set forth any specific facts in support thereof. All he claims is that Defendants collectively engaged in extreme and outrageous conduct that caused (and will continue to cause) him to be "emotional distressed." See, Burton v. City of Memphis, 2013 WL 5924379, at *6 (W.D. Tenn. Oct. 31, 2013) (where Complaint "merely recites the general element of the claim" and makes claims against "defendants," intentional infliction of emotion distress claim is insufficiently pled); Powers v. Wallen, 2013 WL 1327135, at *10 (E.D. Tenn. Mar. 29, 2013) (where complaint conclusorily asserted that defendant was "guilty of outrageous conduct and that plaintiff suffered 'serious mental

8

anguish,'" intentional infliction of emotional distress was subject to dismissal); Hall v. Wyndham Vacation Ownership, Inc., 2011 WL 1196868, at *6 (E.D. Tenn. Mar. 29, 2011) (serious mental injury component insufficiently pled where plaintiff merely alleged that "she suffered 'significant mental injury' that rendered her unable to return to work"); Accordingly, this claim as to Defendant Smith-Johnson is also subject to dismissal.

### III. Conclusion

In considering the pending Motions in this case, the Court is not writing on a *tabula rasa*. The Sixth Circuit has made clear its position regarding the sufficiency of the allegations in the Complaint as they relate to Plaintiff's federal malicious prosecution claim, and those observations suggest the outcome with respect to the parallel state law claim. Moreover, the Sixth Circuit underscored "counsel's Rule 11 obligation to conduct a reasonable investigation and uncover evidentiary support for fact allegations *before* filing the complaint. FED. R. CIV. P. 11(b)(3)," and found it "telling" that counsel did not move to amend the complaint. Johnson, 790 F.3d at 657 (emphasis in original). This Court is not at liberty to ignore the reasoning of the Sixth Circuit.

Accordingly, and for the reasons stated above, Defendants' Motions which seek dismissal of the remainder of Plaintiff's claims will be granted. Further, because Plaintiff has not moved to amend his Complaint,[1] said dismissals will be with prejudice. See, Oh. Police & Fire Pension Fund v. Standard and Poor's Fin. Serv. LLC, 700 F.3d 829 (6th Cir. 2012) (where parties "never sought leave to amend before the district court, despite ample opportunity to do so" the "default rule" is that "it

---

[1] In the July 16, 2014 Order, Magistrate Judge Brown stayed the case pending the individual officer's appeal, but also specifically stated that "the stay does not prevent the Plaintiff from filing a motion to amend his pleadings." (Docket No. 36 at. 2). Plaintiff did not take advantage of that opportunity, nor did he move to amend when the initial Motion to Dismiss was filed by Defendants Thomas and Moseley, when the Motion for Reconsideration was filed, or when Defendant Smith-Johnson file her own Motion to Dismiss.

is not an abuse of discretion for the district court to dismiss the claims with prejudice"); C & L Ward Bros., Co. v. Outsource Solutions, Inc., 547 Fed. App'x 741, 745 (6th Cir. 2013) (citation omitted) (absent a motion to amend, defendant is "entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)" and plaintiff "are not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies"); Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield, 552 F.3d 430, 438 (6th Cir. 2008)( "it is not the district court's role to initiate amendments").

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

10